UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. | No. C 12-2821 SI (pr) |
| JAMES E. BRYANT, | **ORDER** |
| Petitioner. | |

Petitioner has sent to the court a letter in which he states that he does not think he will "get a fair determinate or judgment in your Court" based on the court's August 28, 2012 order of dismissal with leave to amend that overlooked a "major illegality." (Docket # 8.) In that same letter, he requests an extension of the deadline to file his amended petition.

The first matter to be considered is whether the letter requires the recusal of the undersigned. 28 U.S.C. § 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." The recusal request must be rejected because it is not in proper form for recusal, as it was not made under oath or under penalty of perjury. The recusal request must be rejected for the further reason that it is well-established that actions taken by a judge during the normal course of the proceedings are not a proper ground for disqualification – and Bryant's complaints are of just this sort, as he complains about the ruling in the order of dismissal with leave to amend. Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); *Toth*

1  *v. TWA, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (same).  The judicial ruling also does not
2  provide a basis for recusal under 28 U.S.C. § 455.  Accordingly the request for recusal is
3  DENIED.  (Docket # 8.)

4      Petitioner's assertion that the court overlooked a claim that he was detained beyond the
5  end of the term of years to which he was sentenced is erroneous.  That claim is not alleged in
6  the petition.  It is not enough for a petitioner to allege facts from which a reader might be able
7  to speculate that a petitioner wants to make a legal claim of a particular nature; instead, the
8  petitioner needs to actually articulate the legal claim.  Petitioner is free to assert the claim in his
9  amended petition, but is cautioned that state court remedies must be exhausted before this court
10  can consider a claim.

11      Petitioner's request for an extension of time to file his amended petition is GRANTED.
12  (Docket # 8.)  Petitioner must file his amended petition no later than **October 31, 2012.**

13      IT IS SO ORDERED.
14  DATED: September 11, 2012

                                            SUSAN ILLSTON
                                         United States District Judge