UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT, | No. C 12-2821 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| FERNANDO MATA, | |
| Respondent. | |

James E. Bryant, who apparently was on parole or in custody on a parole violation, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his parole. The court reviewed the petition and dismissed it with leave to amend. Bryant then filed an amended petition for writ of habeas corpus. The amended petition changes the focus of the action as it concerns errors that occurred in his sentencing in 1982 in San Francisco County Superior Court. He alleges, among other things, that the court clerk made purposeful errors on the abstract of judgment that caused him to spend extra time in prison, the superior court judge erred in allowing a prosecution after five years, and the superior court judge did not give him the right amount of time credits.

The petition is not Bryant's first federal habeas petition concerning his 1982 conviction and sentence from the San Francisco County Superior Court. One petition was denied on the merits: *Bryant v. Marshall*, No C 91-1218 SBA. A later petition was dismissed as second or successive without petitioner having first obtained permission to file such a petition: *Bryant v. Fairman*, No. C 99-4624 MHP. Another later petition was dismissed as second or successive without petitioner having first obtained permission to file such a petition: *Bryant v. Allison*, No.

C 10-2379 JF. Many of the claims in the current petition repeat claims asserted in the 2010 action. *See Bryant v. Allison*, No. C 10-2379 JF (petition for writ of habeas corpus, pp. 3-4).

A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Bryant has not obtained such an order from the Ninth Circuit. This court will not entertain a new petition from Bryant until he first obtains permission from the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Bryant filing a petition in this court after he obtains the necessary order from the Ninth Circuit.

If Bryant wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

The clerk shall close the file.

IT IS SO ORDERED.

DATED: March 15, 2013

SUSAN ILLSTON
United States District Judge